VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-363

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,  2025

State of Vermont v. Gerrod Adams*

}   APPEALED FROM:
}
}   Superior Court, Bennington Unit,
}   Criminal Division
}   CASE NO. 1412-12-19 Bncr
    Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of aggravated sexual assault of a minor in violation of 13 V.S.A. § 3253a(a)(8). On appeal, defendant argues that the criminal division both abused its discretion and committed plain error by allowing an emergency department nurse to testify, claiming that the nurse did not have sufficient memory of her interaction with defendant, and her lack of memory impaired his constitutional rights to confrontation and a fair trial. We affirm.

In December 2019 defendant was charged with aggravated sexual assault for repeatedly having sexual contact with his girlfriend's daughter, N.T., who was under the age of sixteen. The State presented the following evidence at the two-day jury trial in November 2022. Complainant's mother and defendant were in a relationship for eight years. During a portion of that time, complainant, defendant, and complainant's mother and siblings lived together in Bennington, Vermont. Near the end of 2018, they all moved to New York state. Complainant testified that defendant sexually assaulted her on at least three occasions during his relationship with her mother, including by making contact between his mouth and her vagina, and at least two instances occurred in Bennington when she was less than thirteen. Complainant was scared and did not immediately report the abuse to her mother.

In November 2019, complainant was upset late at night and disclosed the assaults to her mother while defendant was at work. The following day, complainant's mother relayed the disclosure to defendant, who reacted with surprise and confusion. Either later that day or the next, a police officer responded to a Bennington apartment complex for a report of a suicidal person, who the officer later identified as defendant. The officer's conversation with defendant was recorded and a portion was admitted at trial. In the video, defendant tells the officer that he messed up and wants to admit to something he had done that was hurtful. Defendant was eventually transported to the hospital.

At the hospital, an emergency room nurse spoke with defendant, and at trial, she testified about her conversation with defendant. Defendant objected to the nurse's testimony based on

lack of foundation, arguing that she lacked an independent recollection of her encounter with him and was relying almost entirely on her written notes.* After hearing the nurse's proposed testimony outside the jury's presence, the trial court overruled the objection, concluding that the nurse had personal knowledge of her interaction with defendant, including remembering defendant's statements concerning the assaults. The court explained that it would be up to the jury to determine the weight to give to her testimony. The nurse proceeded to testify that she had a conversation with defendant, and he informed her that he had engaged in oral sexual acts with a minor who was his girlfriend's daughter. Defendant cross-examined the nurse extensively. Because of defendant's disclosures and as a mandatory reporter, the nurse referred the matter to the Department for Children and Families. The nurse's report triggered an investigation, which ultimately resulted in the criminal charge. The jury returned a guilty verdict. Defendant appeals.

Defendant's arguments on appeal center around the court's decision to admit the nurse's testimony. The trial court's decisions regarding admission of evidence are reviewed for an abuse of discretion. In re A.B., 170 Vt. 535, 536 (1999) (mem.). Under Vermont Rule of Evidence 602, a witness may testify if the witness "has personal knowledge of the matter." Moreover, a writing may be used to refresh the memory of a witness. V.R.E. 612. In criminal cases, " 'the broad discretion of the trial court in evidentiary matters is limited by defendant's constitutional right to confront witnesses against him and by the demands of due process.' " In re A.B., 170 Vt. at 536 (quoting State v. Webster, 165 Vt. 54, 56 (1996)).

At trial, defendant argued that the court should exclude the nurse's testimony because she did not have an independent recollection of the events and was merely relying on documents she reviewed. He also claimed that the nurse's lack of recollection impaired his ability to conduct cross-examination. To the extent defendant reiterates these arguments on appeal, we conclude that the court did not abuse its discretion in finding that the nurse had sufficient personal knowledge of the events. Based solely on her memory at the time of trial, the nurse testified that defendant was her patient, that he was suicidal, and that he described multiple sexual interactions, including oral penetration, with a minor, who was his girlfriend's child. Given the nurse's ability to personally recollect the pertinent events, the court acted well within its discretion in admitting the nurse's testimony.

Second, defendant contends that due to the nurse's limited recollection, his ability to cross-examine her was severely restricted and amounted to a violation of his constitutional rights under the Confrontation Clause and Due Process Clause. Defendant cites to multiple federal cases in which courts reversed because the trial court significantly restricted defense cross-examination. See, e.g., United States v. Mulinelli-Navas, 111 F.3d 983, 992 (1st Cir. 1997) (concluding that trial court exceeded its authority and deprived defendant of ability to present theory of defense by limiting cross-examination of accomplice). Because defendant did not raise the constitutional arguments at trial, he argues on appeal that admission of the testimony amounted to plain error. "Plain error exists only in exceptional circumstances where a failure to recognize an error would result in a miscarriage of justice, or where there is a glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Brochu, 2008 VT 21, ¶ 71, 183 Vt. 269.

---

* Defendant was also concerned that the nurse would testify about events that occurred in New York, which defendant posited would amount to inadmissible information regarding other bad acts.

Defendant has failed to demonstrate that the court committed any error, let alone plain error, in admitting the nurse's testimony. "Cross-examination satisfies the Sixth Amendment's guarantee if the defendant is allowed the opportunity to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." State v. Robitille, 2019 VT 36, ¶ 18, 210 Vt. 202 (quotation omitted). However, the right "guarantees an opportunity for effective cross-examination, it does not guarantee cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Id. ¶ 19 (quotations omitted). Here, defendant has not identified any trial court ruling that impermissibly limited his cross-examination of the nurse; rather, he contends that the nurse was simply not responsive to his questions, claiming that her answers were evasive and not truthful. This argument is not related to the court's decision allowing the nurse to testify; it goes instead "to the credibility of the witness and the weight of the evidence, matters which are entirely within the province of the jury." State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487. Defendant had the opportunity through cross-examination to question the nurse's memory and to demonstrate alleged inconsistencies between the nurse's testimony at trial and her deposition. It was up to the jury to then determine whether to credit the nurse's testimony and how much weight to accord it. Defendant has not demonstrated that allowing the nurse to testify violated his constitutional rights to confrontation or due process.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice